IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| DAVID JOHNDROW,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; UNUM GROUP,<br><br>    Defendant. | Civil Action No. 1:21-cv-296 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE
ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, David Johndrow, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1.    This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* and the subject Benefit Plan constitutes "plan[s] under ERISA."

2.    The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

**PARTIES**

4. Plaintiff, David Johndrow, (hereinafter "Plaintiff"), is a resident of Chesapeake, VA.

5. Defendant Unum Life Insurance Company of America ("Unum Life") is the underwriter of group LTD insurance policy number 470840002, issued to Plaintiff's former employer, the Massachusetts Medical Society, and is the party obligated to pay benefits and to determine eligibility for LTD benefits under the Plan.

6. Defendant Unum Life Insurance Company (hereinafter "Unum Life"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243-1131.

7. Defendant Unum Group Corporation ("Unum Group") is the parent company of Defendant Unum Life.

8. Defendant Unum Group exercises significant control over the policies and action of Defendant Unum Life.

9. Defendant Unum Group is the employer of all persons who acted on behalf of Unum Life (Unum Life and Unum Group are referred to collectively as "Unum").

10. Defendant Unum Group may be served with process by and through its registered agent for service, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203.

**FACTS**

11. Plaintiff was employed by the Massachusetts Medical Society.

2

12. By virtue of his employment, Plaintiff was enrolled in the Massachusetts Medical Society Plan, which is an ERISA employee welfare benefit plan (the "Plan").

13. Benefits under the Plan are insured by Unum under Group Long Term Disability Policy No. 470840002, issued by Unum to the Massachusetts Medical Society

14. Plaintiff is a participant or beneficiary of the Plan.

15. Plaintiff ceased work primarily due to New Daily Persistent Headache on September 10, 2018, while covered under the Plan.

16. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

17. Plaintiff filed an application for LTD benefits under the Plan on February 20, 2019.

18. Unum denied Plaintiff's application by letter dated November 7, 2019.

19. Plaintiff appealed the termination of his benefits by letter dated April 9, 2020.

20. Plaintiff submitted additional evidence in support of his appeal on June 30, 2020; August 28, 2020; November 16, 2020; February 11, 2021; and April 20, 2021.

21. Among the evidence submitted in support of Plaintiff's appeal were the opinions of several of Plaintiff's treating physicians, including Drs. Amelito Malapira (neurology), Faustino Reniva (internal medicine), Jonathan Strand (pain management), and Timothy Collins (neurology).

22. Plaintiff also submitted the report of Dr. Kristine Herfkens, who performed a neurocognitive evaluation on Plaintiff on March 2, 2020, and stated that "I do not believe that Mr. Johndrow is capable of competitive employment," and that "he would need to work in a

distraction-free environment at his own pace, with the ability to stop work frequently, sometimes for extended periods, to get relief from headaches."

23. Plaintiff also submitted a copy of his file from the Social Security Administration, which found him disabled under its rules.

24. By letter dated July 16, 2021, Unum stated that Mr. Johndrow's claim was payable for the period of March 9, 2019 to March 8, 2021 but denied benefits beyond that date based upon its determination that Mr. Johndrow's claims was subject to the Policy's 24-month mental illness limitation., and stated that its decision was final.

25. Unum never exercised its right under the policy to have Mr. Johndrow undergo an independent medical examination and terminated Mr. Johndrow's claim based solely on the opinions of its own in-house file-reviewing physicians.

26. Plaintiff has exhausted his administrative remedies under the Plan.

27. The Plan does not contain an appropriate grant of discretion to Unum, therefore the Court should review Unum's decision under the de novo standard of review.

28. Unum would pay any benefits due out of its own funds.

29. Unum owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

30. Unum was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

31. Unum allowed its concern over its own funds to influence its decision-making.

32. Unum breached its fiduciary duties to Plaintiff, including the duty of loyalty.

**FIRST CAUSE OF ACTION
FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

33. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

34. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

35. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

36. The decisions to deny benefits were wrong under the terms of the Plan.

37. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

38. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

39. The decisions to deny benefits were not supported by substantial evidence in the record.

40. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

41. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 30th day of November, 2021.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: */s/ R. Chandler Wilson*
R. Chandler Wilson (#034491)
Hudson T. Ellis (#28330)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
cwilson@buchanandisability.com
ellish@buchanandisability.com